## J. L. ROBERSON v. D. LAFE HUBLER.

(Filed September 5, 1901.)

1. **OFFICE OF PROBATE JUDGE ELECTIVE NOT APPOINTIVE.** Under the laws of congress and of the Territory of Oklahoma now in force, the office of probate judge is an elective and not an appointive office.

2. **ELECTION CONTEST.** It is not necessary to allege the facts as to each particular ballot which will show that it should be counted. General allegations which show "that a certain number of ballots were legal ballots, that they were cast by persons qualified to vote at such election, (stating the facts which show their qualifications) that such ballots were cast for the plaintiff, and that the judges of election wrongfully rejected them as mutilated ballots, when in fact they were not mutilated ballots, and should have been counted for plaintiff," is sufficiently definite and certain; and if the petition contains all other requisites and the number of ballots rejected as mutilated, and which the petition alleges are not mutilated, is sufficient to elect the plaintiff, it states a cause of action; and the petitioner is entitled to have the ballots counted even though the petition fails to state that the ballots were fraudulently rejected.

3. **PRACTICE—Demurrer.** A petition which shows that the number of ballots cast for plaintiff, which were wrongfully rejected as mutilated ballots, when added to the number of ballots counted for the plaintiff, only make a tie between the plaintiff and the defendant, in the absence of an allegation that the commissioners did not determine by lot which should be elected, as provided in section 63 of the election law of 1899, fails to state a cause of action, and a demurrer directed thereto on that ground should be sustained.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Dale & Bierer,* for plaintiff in error.

*I. E. Lambert, Virgil H. Brown, W. K. Moon* and *Lawrence & Huston,* for defendant in error.

Opinion of the court by

BURWELL, J.:   J. L. Roberson and D. Lafe Hubler were candidates for the office of probate judge of Kay county at the general election in the fall of 1900.   The board of county commissioners canvassed the returns, and declared Hubler elected by 43 votes, and issued to him a certificate of election.   At the proper time he qualified and went into possession of the office.   Roberson then commenced this action, which is in the nature of a *quo warranto,* to try the title to that office.   The defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action.   The demurrer was sustained, and, the plaintiff refusing to plead further, judgment was rendered in favor of the defendant, dismissing the action, and for costs.   From this judgment the plaintiff appeals.

It is first contended by the defendant that the office of probate judge is an appointive office and not an elective office, and therefore the plaintiff cannot maintain this action.   There is nothing in this contention.   The case of *Epley, et al. v. Charles Loran Moore,* decided at the present term of this court, is decisive of this question.   We there held that under the present law, probate judges should be elected by the people and not appointed by the governor.

The defendant also contends that the petition, in order to state a cause of action, must allege fraud on the part of the election judges or the canvassing board, and no such allegation appears in the petition.   This theory is untenable.   If the petition shows that votes were legally cast for the plaintiff, which were regular on their face, and pleads facts which show that they should have been counted, and

that they were not counted, and that if such votes had been counted the plaintiff would have been elected, he is entitled to have the ballots counted by the court, regardless of whether there was any fraud in omitting them from the count. In some states strict rules are applied to pleadings in election cases, but their statutes are different from ours. The law, of course, presumes that the election officers will act honestly and perform their duty, and usually a majority of the election board determines as to whether or not a ballot shall be counted; such is not the case in this territory. Any one of the three election judges can prevent a ballot from being counted. By section 48 of the election law of 1899, it is expressly provided that: "Any ballot upon which the judges (meaning the election judges) are unable to agree as to how it should be counted, the same shall not be counted, but shall be treated as a mutilated ballot and returned in like manner."

The law also provides that all mutilated ballots shall be sealed up in packages, and the packages cannot be opened except by order of the court in case of a contest. Under such a law we think that a candidate, being denied the opportunity to inspect the rejected ballots before bringing his action, should not be required to set out in detail the facts regarding each particular ballot. Such a harsh rule would be unreasonable and unjust; but where a petition shows on its face from the facts pleaded that the petitioner was elected, the court should investigate, and, if the evidence justifies it, grant the relief prayed. It is not just that the vote of one of the election judges shall have greater weight than the votes of the other two; but that is the effect of our election law. As to the wisdom of such a law, the

legislature is the judge, but the fair presumption is that two are more likely to be right than one, and the courts ought not to establish arbitrary rules which will deny reasonable investigation and the ascertainment of the truth. But, measured in the way above indicated, does the petition state a cause of action? We think not. The petition contains special counts as to the number of ballots that were rejected in each of the voting precincts, the total number of which is 126; and, if this is true, the plaintiff should have a plurality of 83 votes. But we have examined these different counts of the petition, and find that a number of them are not sufficient. For instance, they allege that the election judges of certain different voting precincts rejected certain ballots (stating the number) as mutilated ballots, but do not then allege that the ballots so rejected were not mutilated. The presumption is, if the election judges rejected them as mutilated, that they were mutilated, and in the absence of a positive allegation or its equivalent, that they were not mutilated, the court will not examine them. And an allegation that certain ballots were legal ballots and should have been counted, states only a conclusion of law, and is not equivalent to an allegation that the ballots were not mutilated. The issue of fact which the court must try, under the contention of the plaintiff, is as to whether or not the ballots are mutilated; and the burden is upon the moving party to prove that they are not; and before he is entitled to introduce proof on that issue, he should be required to allege that the ballots are not mutilated. The court will then determine from the proofs whether they are legal and should be counted. But there are a number of the counts which allege that the ballots rejected in certain precincts as mutilated ballots were not

mutilated, but were regularly voted, were legal ballots, and should have been counted, but that they were wrongfully rejected. These allegations we think are sufficient but when we add all the numbers of ballots which the plaintiff alleges were not mutilated, together, we find that they increase the plaintiff's vote just 43, or make a tie between the plaintiff and defendant. The statute directs what shall be done in such a case.

One part of section 63 of the election law of 1899 provides that: "If any two or more persons have an equal number of votes for the same office, and a higher number than any other person, the commissioners aforesaid, (referring to the county commissioners who constitute a county canvassing board), shall proceed to determine by lot which of the two candidates shall be elected." Now, admitting the petition to be true, then the plaintiff and the defendant each received the same number of votes, and the presumption is that the commissioners cast lots, and Hubler was the one who chanced to be chosen. The petition nowhere alleges non-compliance with the statute. Therefore, admitting all of the allegations of the petition which are well pleaded to be true, it fails to state a cause of action.

The judgment of the trial court should be affirmed at the cost of the appellant.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.